IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMIKO BANKS, | ) | CASE NO. 3:11CV0194 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE ZOUHARY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | **)** | Doc. Nos. 9, 15 |
| Respondents. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Timiko Banks ("Banks") pursuant to 28 U.S.C. § 2254. Banks is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the cases of *State vs. Banks*, Case Nos. 05 CR 617 and 06 CR 175 (Wood County 2005 and 2006). Also before the court is the motion of Banks to dismiss her petition without prejudice to allow her to exhaust her claims in state court. Doc. No. 15. For the reasons given below, Banks's motion to dismiss should be DENIED and respondent's motion to dismiss the petition as untimely should be GRANTED.

I

The December 2005 term of the Wood County grand jury indicted Banks on three counts of trafficking in cocaine, one count with a forfeiture specification. The April 2006 term of the Wood County grand jury later indicted Banks on one count of trafficking in cocaine with a forfeiture specification. Banks pleaded not guilty to all counts. Following a combined jury trial, Banks was found guilty on all counts. Upon the state's motion, the court dismissed the first count in Case. No. 05 CR 617. On November 30, 2006, the court sentenced Banks in Case. No. 05 CR 617 to two years' imprisonment on count two of the indictment consecutive to six years' imprisonment on count three of the indictment. On the same day, the court sentenced Banks in Case No. 06 CR 175 to four years' imprisonment, to be served consecutively to the sentences in Case No. 05 CR 617, for a total of twelve years' imprisonment.

Banks filed a timely notice of appeal in both cases, and the state appellate court consolidated the cases for purposes of appeal. Banks asserted two assignments of error in her brief in support of her appeal:

Assignment of Error No. 1

The trial court committed prejudicial error in permitting a jury trial to proceed in Appellant's absence.

Assignment of Error No. 2

Defense counsel's performance of her duties were deficient in that she made errors so serious that she failed to function as the counsel guaranteed by the Sixth Amendment and Appellant was prejudiced by said errors.

On September 28, 2007, the state appellate court affirmed the judgment of the trial court. Banks did not file a timely notice of appeal to the Ohio Supreme Court.

On January 10, 2008, Banks filed a notice of appeal and a motion for leave to file a delayed appeal to the Supreme Court of Ohio. On February 20, 2008, the Ohio Supreme Court denied Banks' motion and dismissed the case.

On April 10, 2008, Banks filed in the court of appeals a motion for new trial, arguing that she had unconstitutionally been tried while she was not present. On April 23, 2008, the state appellate court dismissed Banks's motion for lack of jurisdiction, as it did not have authority to consider a motion for a new trial.

On August 13, 2010, Banks filed in the state appellate court an application to reopen her direct appeal pursuant to Ohio App. R. 26(B). Banks asserted that appellate counsel had been ineffective for failing to raise additional assignments of error on direct appeal. The state appellate court found that Banks's application was untimely and that Banks had failed to show good cause for her untimeliness. Consequently, the state appellate court denied her application on September 21, 2010.

Banks filed in this court a petition for a federal writ of habeas corpus on January 27, 2011.[1] Banks asserts seven grounds for relief in her petition:

**GROUND ONE**: The Trial Court committed prejudicial error in permitting a jury trial to proceed in Appellant's absence, and Trial Defense Counsel was ineffective by not raising the reasons for Appellant's absence before proceeding.

**GROUND TWO**: Defense Counsel's performance of duties was deficient in that she made errors so serious that she failed to function as the counsel guaranteed by the Sixth Amendment and appellant was prejudiced by said errors.

**GROUND THREE**: The Trial Court erred when it did not grant Petitioner's Crim. Rule 29 Motion for Acquittal at the close of the State's case concerning the

---

[1] Banks asserts that she placed her petition in the prison mail system on January 10, 2011. Even if she is correct, the earlier date would make no difference in the disposition of her petition, as is shown below.

3

proper venue being Lucas County for one of the offenses.

**GROUND FOUR**: The Trial Court erred when it did not grant Appellant's Crim. Rule 29 Motion for Acquittal at the close of the State's case concerning the level of offense determined by the Testimony of the State's Witnesses as to the actual weight of the drugs.

**GROUND FIVE**: The Trial Court erred by not instructing the Jury on the Affirmative Defense of Entrapment, when there was sufficient evidence presented in the State's Case as to Appellant being entrapped into attempting to sell much larger amount of drugs.

**GROUND SIX**: The Trial Court erred and denied the Petitioner's Fifth and Fourteenth Amendment rights to a fair trial by not properly instructing the Jury as to the required proof of the term "offer" as related to the drug trafficking offenses.

**GROUND SEVEN**: The Trial Court erred by sentencing the Petitioner to Sentences and Mandatory Fines based on a higher level of felony then [sic] the evidence supported in two of the counts, and consecutive sentences, contrary to the statutory Sentencing Guidelines, as well as current law.

Respondent now moves to dismiss Banks's petition as time barred. Banks, in turn, moves to dismiss the petition without prejudice to permit her to exhaust her claims.

II

*A. Jurisdiction*

The Court of Common Pleas of Wood County, Ohio sentenced Banks. Banks filed her writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of her incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). Wood County is within this court's geographic jurisdiction.

This court has geographic jurisdiction over Banks's petition.

*B. Statute of Limitations*

Respondent argues that Bank's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The state appellate court denied Bank's direct appeal on September 28, 2007. Banks had 45 days, until November 12, 2007, to file a timely appeal to the Ohio Supreme Court. Banks did not file a motion for a delayed appeal until January 10, 2008. Thus, the statutory period ran for 58 days, from November 13, 2007 through January 10, 2008.

The Ohio Supreme Court denied Banks's motion for a delayed appeal on February 20, 2008. The statutory period began to run again, therefore, on February 21, 2008. The one year period within which Banks could have filed a timely petition for a

federal writ of habeas corpus[2] expired as of December 24, 2008.  Banks did not file her petition until January 27, 2011, more than two years after the statutory period had expired.

Neither Banks's motion for a new trial nor her application for a delayed appeal tolled the running of the statutory period.  In *Artuz v. Bennett*, 531 U.S. 4, 9-10 (2000), the Supreme Court held that an application that is not properly filed does not toll the statute of limitations at 28 U.S.C. § 2244(d)(1)).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Id.* at 8.  Neither Banks's motion for a new trial nor her application for a delayed appeal were "properly filed" within the meaning of *Artuz*.  Under Ohio law, a motion for a new trial must be filed in the trial court, not in the appellate court.  *See* Ohio Crim. R. 33.  Thus, Banks's filing of her motion for a new trial in the state appellate court did not comport with Ohio's rules, and the state appelalte court dismissed her motion for lack of jurisdiction.  Similarly, an application to reopen a direct appeal must be filed within 90 days after journalization of the original judgment of the state appellate court.  *See* Ohio App. R. 26(B)(1).  Otherwise, the applicant must show good cause for the failure to filed timely.  *Id.*  Banks did not file her application within 90 days and failed to show good cause for her untimeliness.  Consequently, neither  Banks's motion for a new trial nor her application for a delayed appeal tolled the running of the statutory period.

Finally, Banks had not pleaded circumstances which might warrant the rare

---

[2]  This is computed by including the 58 days that already had run, with an additional 307 days, for a total of 365 days.

remedy of equitable tolling. In the absence of such pleading, equitable tolling is not warranted.

For the reasons given above, Banks filed her petition for a writ of habeas corpurs more than two years after the period for filing such a petition had expired. Banks's petition is untimely, therefore, pursuant to 28 U.S.C. § 2244(d)(1).

C.  *Petitioner's motion to dismiss*

Banks moves to dismiss her petition without prejudice to permit her to exhaust her unexhausted claims. Banks cites *Rose v. Lundy*, 455 U.S. 509 (1982), as authority for such a dismissal. Banks's motion should be denied, for two reasons.

First, sending Banks to state court to exhaust her claims would not alter her failure to file her claims in a timely manner. The period within which Banks could have filed a timely habeas petition has already expired. All claims that Banks could have raised in state court prior to the expiration of the limitations period are forever barred from habeas review. The only claims that Banks may now raise in a habeas petition are claims arising from a new legal judgment, such as a resentencing, or from the discovery of facts which due diligence could not reasonably have discovered at an earlier time. *See Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), and *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001). Even if an Ohio court were willing to accept an untimely petition for postconviction relief or an application for a delayed appeal to consider the claims Banks now raises in this court, state court consideration of these claims would not restart a limitations period that has already expired. *See DiCenzi v. Rose*, 452 F.3d 465, 467-69 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Simply, this court may never consider the claims Banks now raises here.

7

Second, although Banks seeks to exhaust allegedly unexhausted claims, Banks has, in fact, exhausted all her claims. Banks has apparently confused exhaustion and procedural default. Distinctions between "exhaustion" and "procedural default" have been blurred by courts:

> The problem in interpreting . . . many . . . federal habeas corpus cases is the ambiguous use of the words "exhaustion" and "exhausted." Courts have attached two meanings to these words in habeas cases. The generally accepted meaning of "exhaustion" and "exhausted" in habeas cases refers to a petitioner's presentation of federal claims to the state's highest court. *See, e.g., Rose v. Lundy,* 455 U.S. at 515-16. However, courts also have used those words to refer to the availability of state remedies when the federal court is considering whether to send a petitioner back to the state courts to present his federal claims. *See Harris v. Reed,* 489 U.S. 255 (1989) (O'Connor, J., concurring) (sending habeas petitioners back to exhaust state remedies when remedies have expired creates game of "judicial ping pong"). When courts determine state remedies no longer are available, they often state that the petitioner's state remedies have been "exhausted." *See Matias v. Oshiro,* 683 F.2d 318, 319-20 (9th Cir. 1982).

*Krum v. Thomas*, 774 F. Supp. 563, 565 (D. Az. 1991). Confusion regarding these concepts was compounded as they evolved in the wake of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The respective consequences for failure to exhaust and procedural default, however, make clear the distinction between the two terms as they are currently used.

The remedy for failure to exhaust is to return the petitioner to the state courts to make use of whatever state remedies remain to adjudicate his claims. If a petitioner has no remaining remedies because the petitioner cannot comply with the relevant procedural rules or is barred by *res judicata*, it makes no sense to send the petitioner to the state courts in a futile effort to attempt remedies that state law prevents the petitioner from using. In that case, the petitioner's remedies are exhausted, meaning that no state remedies remain available to the petitioner. *See Gray v. Netherland*, 518

8

U.S. 152, 161-62 (1996).

Procedural default occurs if the petitioner has failed *properly* to exhaust claims. If no remedies remain to petitioner and the petitioner has failed properly to raise claims in the highest court in the state, the petitioner has defaulted those claims. The result, absent a showing of cause and prejudice or a manifest miscarriage of justice, is the dismissal of the claims. Together, the doctrines of exhaustion and procedural default ensure that most petitioners only raise as federal claims those claims that state courts have had the first opportunity to hear.

Banks has exhausted but procedurally defaulted her claims. All of Banks's claims are claims which could have been raised when Banks filed her timely direct appeal. In Ohio, claims which could have been raised on direct appeal, but were not, are regarded as waived, and a petitioner is barred from raising them again by the doctrine of *res judicata*. *See Jacobs v. Mohr*, 265 F.3d 407, 416-17 (6th Cir. 2001). As Banks's defaulted claims could have been raised on direct appeal but were not, they are barred by *res judicata*. Thus, no state remedies remain available to Banks, and her claims are exhausted but procedurally defaulted.

For these reasons, Banks's motion to dismiss her claims without prejudice so that they may be exhausted should be denied.

III

For the reasons given above the magistrate judge recommends that the court DENY Banks's motion to dismiss her petition so that she may exhaust her allegedly unexhausted claims and GRANT respondent's motion to dismiss Banks's petition for a writ of habeas corpus as untimely.

Date: October 24, 2011 /s/ Nancy A. Vecchiarelli
United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**