IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Timiko M. Banks, | Case No. 3:11 CV 194 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| State of Ohio, et al., | |
| Respondents. | |

Petitioner filed a Writ of Habeas Corpus (Doc. No. 1). Respondents filed a Motion to Dismiss the Petition as untimely (Doc. No. 10). Petitioner then filed her own Motion to Dismiss without prejudice, claiming her original Petition contained unexhausted state claims (Doc. No. 15). The Magistrate Judge's Report and Recommendation ("R&R") granted Respondents' Motion and denied Petitioner's Motion (Doc. No. 16). Petitioner filed an Objection (Doc. No. 17). This Court has reviewed both the R&R and Petitioner's Objection, and, as explained below, adopts the R&R.

This Court adopts the facts and procedural history as stated in the Magistrate's R&R (Doc. No. 16). Briefly, Petitioner was convicted in state court for drug trafficking in 2006. Petitioner filed an appeal, and the state appellate court affirmed Petitioner's conviction (Doc. No. 16 at 2). In February 2008, Petitioner filed an untimely appeal to the Supreme Court of Ohio, which was denied. In April 2008, Petitioner filed a motion for a new trial in the state appellate court, which was dismissed for lack of jurisdiction. In August 2010, Petitioner filed another untimely motion in the state appellate court, this time seeking to reopen her direct appeal. The appellate court denied Petitioner's motion because she failed to show good cause for her untimeliness (Doc. No. 16 at 3).

This Petition, filed in January 2011, asserts seven grounds for relief (Doc. No. 1), and comes nearly three years after Petitioner's state court judgment became final (Doc. No. 16 at 5–7).

The R&R dismissed the Petition with prejudice because it is untimely pursuant to 28 U.S.C. § 2244(d)(1) which requires habeas petitions to be filed within one-year after final judgment (Doc. No. 16 at 7). Petitioner's sole objection to the R&R states a federal district court must "dismiss a petition for writ of habeas corpus containing any claims that have not been exhausted in the state courts." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner argues she has unexhausted state claims regarding venue and merger. Dismissing without prejudice allows Petitioner to fully exhaust her state claims and later return to federal court on a new writ of habeas corpus (Doc. No. 15 at 1–2).

The R&R rejected this argument on two grounds. First, sending Petitioner back to state court would not remedy her untimely Petition because any claims she "could have raised in state court prior to the expiration of the limitations period are forever barred from habeas review." (Doc. No. 16 at 7). Second, Petitioner's claims are in procedural default because no state remedies exist for "claims which could have been raised on direct appeal, but were not . . . ." (Doc. No. 16 at 8–9).

Petitioner counters that "[a] void judgment can be attacked at any time." (Doc. No. 17 at 2). According to Petitioner, this means her claims are not, and can never be, exhausted. In support, Petitioner cites *State ex rel. Cruzado v. Zaleski*, 11 Ohio St. 3d 353 (2006) and *Patton v. Diemer*, 35 Ohio St. 3d 68 (1988). The *Cruzado* case narrowly addresses a trial court's re-sentencing of a criminal defendant to correct a sentence that did not include a statutorily mandated term of postrelease control. 11 Ohio St. 3d at 357 *abrogated by* Ohio Revised Code § 2929.191. The court in *Patton* more generally stated "a judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*." 35 Ohio St. 3d at 70.

2

Neither of these cases undermine the analysis in the R&R. Petitioner failed to properly raise new claims on appeal and is precluded from raising them again by *res judicata*. *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001). Even if an Ohio court is willing to accept an untimely petition for postconviction relief, acceptance "does not restart the statute of limitations" for a habeas petition. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). Petitioner had her window of opportunity to file a valid writ, a window which is now closed.

Petitioner's Motion to Dismiss without prejudice is denied. Respondents' Motion to Dismiss with prejudice is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    November 17, 2011